IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THE CINCINNATI INSURANCE
COMPANY,

       Plaintiff,

      v.                                                        Civ. No. 18-981 JCH/SCY

DESERT STATE LIFE MANAGEMENT;
CHRISTOPHER MOYA, in his capacity
as Receiver for the receivership estate of
DESERT STATE LIFE MANAGEMENT;
PAUL A. DONISTHORPE; CAMERON
GRAHAM, as trustee for ANDREW
GRAHAM  on behalf of himself and all
others similarly situated, et al.,

       Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART MOTION FOR PROTECTIVE ORDER**

      In this matter, former clients of Desert State Life Management ("DSLM") and Paul Donisthorpe sued in state court, alleging a class action against DSLM and Donisthorpe for Donisthorpe's alleged scheme of stealing client funds invested with DSLM. Cincinnati Insurance Company insured DSLM and filed the present declaratory judgment action against DSLM, Donisthorpe, and the proposed class representatives (the former clients) to determine if it has a duty to provide coverage to Donisthorpe and DSLM. Doc. 1. Presently before the Court is Plaintiff Cincinnati's Motion for Protective Order Regarding Depositions, filed July 17, 2020. Doc. 96. The class representative defendants seek a Rule 30(b)(6) deposition of Plaintiff Cincinnati and sent it a list of topics for that deposition. *See* Doc. 96-1. Plaintiff objects to a number of the topics as written, proposes revised topics, and objects to providing one witness, Victor Peters, for two depositions. Accordingly, after conferring with the class representative

defendants, Plaintiff filed the present motion. The class representative defendants filed a response in opposition on July 31, 2020, Doc. 101, and Plaintiff filed a reply on August 14, 2020, Doc. 102.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defenses and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery; specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery; prescribing a discovery method other than the one selected by the party seeking discovery; [or] forbidding inquiry into certain matters or limiting the scope of disclosure or discovery to certain matters . . . ." Fed. R. Civ. P. 26(c)(1). On the other hand, "[i]f a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery." Fed. R. Civ. P. 26(c)(2). The burden is on the moving party to demonstrate good cause for the requested protective order. *Benavidez v. Sandia Nat'l Lab.*, 319 F.R.D. 696, 721 (D.N.M. 2017).

Under Rule 30(b)(6), a party may name an entity as a deponent and "describe with reasonable particularity the matters for examination" of that entity. Fed. R. Civ. P. 30(b)(6). The entity must then designate one or more persons to testify on its behalf. *Id.* Accordingly, "[a] good rule 30(b)(6) deposition – from both parties' standpoints – requires cooperation." *Peshlakai v. Ruiz*, No. CIV 13-0752 JB/ACT, 2014 WL 459650, at *25 (D.N.M. Jan. 9, 2014). "The [entity] must produce fully prepared and knowledgeable witnesses on the topics designated, but the questioning party must be specific in what it wants to know." *Id.*

**ANALYSIS**

1. **Undisputed Topics**

As an initial matter, in its opening brief, Plaintiff Cincinnati takes issue with all nine topics provided by the class representative defendants and proposes amended language for many topics. In response, the class representatives only dispute Topics One, Four, and Eight and state that Topics Three, Five, Six, Seven, and Nine are undisputed. *See* Doc. 101 at 6 ("The Former Clients do not object to Cincinnati's understanding of the agreement on these topic areas."). The class representatives assert, however, that "it is superfluous for the Court to rewrite the topic areas, as requested by Cincinnati." *Id.* Plaintiff Cincinnati, on the other hand, argues that the Court should issue an Order with the wording it proposed to the class representatives and to which the class representatives agreed. For the sake of clarity, the Court agrees with Plaintiff and repeats the agreed language in the conclusion of this order.

Further, in its opening brief, Plaintiff Cincinnati objects to Topic Two as ambiguous, overbroad, irrelevant, and seeking information protected by the work-product and attorney-client privilege. Doc. 96 at 10-12. It offers no proposed rewritten language, and so the Court assumes that it seeks to strike Topic Two. The class representatives do not dispute Plaintiff's argument on Topic Two, and indeed, fail to mention Topic Two at all. Accordingly, the Court will strike Topic Two.

Lastly, Plaintiff objects to Topic Four as irrelevant and argues that the Court should strike it. Doc. 96 at 14-15. The class representatives agree to withdraw the topic, but state that "withdrawal should not be construed to forfeit any right to examine Cincinnati's representative about any coverage positions asserted in the operative complaint." Doc. 101 at 6. The Court will note the class representative defendants' withdrawal of this topic.

3

2. **Topic One**

With Topic One, the class representatives seek to question Plaintiff Cincinnati about

> the underwriting of any policies issued by You or consideration by You of any policies to be issued by You for coverage of Paul Donisthorpe; L. Helen Bennett, Judy Mahar, Scott Kominiak, and/or Liane Kerr, including but not limited to the Directors and Officers Liability Policy, BCN 0007591 issued by Cincinnati as described in Plaintiff's Complaint and attached as Exhibit 3.

Doc. 96-1 at 2. Plaintiff argues that this topic is "not reasonably particular and ambiguous rendering it impossible to address." Doc. 96 at 9. Plaintiffs instead propose that Topic One be amended to

> Cincinnati's initial decision to issue Policy No. BCP-0007591 to Desert State Life Management, Inc. for the April 17, 2012 to April 17, 2013 policy period, its decision to issue renewal Policy No. BCP-007591 to Desert State Life Management, Inc. for the April 17, 2013 to April 17, 2016 policy period, and its decision to issue renewal Policy No. BCP-007591 to Desert State Life Management, Inc. which incepted on April 17, 2016.

Doc. 96 at 10.

Plaintiff suggests this re-write in order to cure its objections. Specifically, Plaintiff seeks clarity on the meaning of "'underwriting' out of concern that Class Representative Counsel may be ascribing a meaning to 'underwriting' different from its commonly understood meaning." Doc. 102 at 5. Plaintiff believes that the class representatives seek testimony related to claim coverage decisions, while the term underwriting only refers to decisions on issuing and renewing a policy. Yet, in the class representatives' response to the present motion, they define underwriting to mirror Plaintiff's definition. *See* Doc. 101 at 4-5 (listing the Black's Law Dictionary definition of underwrite as "to execute and deliver an insurance policy," and "to undertake to pay."). Accordingly, the Court disagrees with Plaintiff that the term "underwriting" is ambiguous. Additionally, the Court agrees with the class representative defendants that "to the extent that Cincinnati ascribes some other meaning to the term 'underwriting,' the Former

4

Clients should be permitted to explore that meaning and any other meaning that Cincinnati ascribes to the term." Doc. 101 at 5.

Further, even if the class representatives will seek testimony about coverage decisions, and not just about the decision to issue and renew a policy, Plaintiff acknowledges that coverage decisions are addressed by Topics Five and Nine. In other words, Plaintiff Cincinnati must prepare its Rule 30(b)(6) witnesses for such questions and whether the class representative repeated the same request in multiple Topics is inconsequential.

Plaintiff also objects to Topic One because it argues that the term "consideration" is "susceptible to multiple meanings, rendering the Topic not reasonably particular, ambiguous, and overbroad." Doc. 96 at 9. However, Plaintiff offers no further explanation. Plaintiff's objections to particularity, ambiguity, and overbreadth are, at least in part, addressed by the class representatives' limitation of the things under consideration: "consideration by you of any policies to be issued by You for coverage of [various individuals]." Given Plaintiff's conclusory argument related to the term "consideration" and the class representatives' limitation of the items under consideration, the Court finds this portion of Plaintiff's argument unpersuasive.

Lastly, Plaintiff objects to Topic One because the request for testimony regarding any policies to be issued to certain individuals is overbroad, unlimited in time and scope, imposes an undue burden on Plaintiff, and is irrelevant because it is not limited to the Desert State Policy. Doc. 96 at 9. The Court agrees that the testimony should be limited in time. As Plaintiff's note, Paul Donisthorpe pled guilty to acts take as early as 2009. Doc. 96 at 2. Given this, the Court will limit the temporal scope to policies issued in 2005 or thereafter.

Next, although Plaintiff generally asserts that the class representative's request is burdensome, it does not explain why this is so. As a result, the Court cannot evaluate any

5

specific burdens related to Plaintiff providing testimony about "any policies." Nor is the class representatives' request burdensome on its face. The only policy at issue may, in fact, be BCN 0007591. The class representative defendants, however, included a more open-ended question (any policies issued for coverage to certain individuals, including BCN 0007591) should other policies or coverage exist. Plaintiff presents no evidence that other policies or coverage exist, or that it would be an undue burden to discuss other policies or coverage that may exist for the listed individuals. Moreover, the class representative defendants have limited "any policies" to be policies issued to coverage for a finite set of individuals. As such, beyond the temporal limitation to which the Court agrees, Plaintiff has not shown good cause to rewrite Topic One to include a limitation in scope and has not shown that the Topic is overly broad or irrelevant. The Court, therefore, grants in part and denies in part Plaintiff's Motion as to Topic One.

**3. Topic Eight**

Topic Eight seeks testimony on "[a]ny and all communications between you and Paul Donisthorpe; L. Helen Bennett, Judy Mahar, Scott Kominiak, and/or Liane Kerr, or any third-party (not including Your lawyers) related to the allegations in Your Complaint." Doc. 96-1 at 3. Plaintiff objects because "this topic is not reasonably particular, is open-ended, is overbroad, and is unduly burdensome." Doc. 96 at 21. Plaintiff seeks to amend the topic to "[c]ommunications between Cincinnati and Paul Donisthorpe; L. Helen Bennett; Judy Mahar; Scott Kominiak, and/or Laine Kerr regarding Cincinnati's denial of coverage to Donisthorpe and Desert State alleged in Cincinnati's Complaint." Doc. 96 at 22.

Plaintiff proposes a rewrite to this Topic because "[t]he Amended Complaint consists of 92 paragraphs [and] Cincinnati is not required to guess which of the allegations the Class Representative Defendants seek testimony regarding." Doc. 96 at 21. Notably, Plaintiff does not,

6

and could not reasonably, object to the notion that the class representatives are entitled to obtain deposition testimony from Plaintiff about the allegations Plaintiff has made in its Complaint. Instead, Plaintiff's objection is that its Complaint is so broad that its 30(b)(6) testimony should be more limited than the parameters of the Complaint. But, to the extent the Complaint is broad, it is broad because Plaintiff, the master of its Complaint, made it so. Plaintiff presents no compelling argument as to why the class representatives should not be entitled to question a Cincinnati representative about communications related to all allegations in the Complaint.

Plaintiff further objects to Topic Eight because the reference to "any third-party" is vague, overbroad, and not reasonably particular. The class representative defendants assert that Plaintiff provides no basis for limiting the topic to only communications between Cincinnati and Desert State Life Management affiliates. Instead, the class representatives seek testimony about Cincinnati's communications with all individuals that relate to the allegations in the Complaint. The Court can envision hypothetical third-party communications that are not discoverable. Plaintiff, however, has not sought protection from disclosure of a communication with any particular third-party. If Plaintiff seeks protection from disclosure of a communication with a particular third-party, the Court will allow Plaintiff to file a supplement no later than seven calendar days from the date of this Order that specifically identifies the third-party with whom it has had a communication that it asserts is not discoverable. Absent such a supplement, the Court denies Plaintiff's Motion as to Topic Eight.

4. **Deposition of Victor Peters**

In response to the class representative defendants' initial Rule 30(b)(6) deposition request, Plaintiff Cincinnati advised all Defendants that it would produce three witnesses, likely including Victor Peters, as representatives. Doc. 96-5. After receiving that information,

7

Defendant Donisthorpe also requested to depose Victor Peters as a fact witness. Doc. 96-6. In the present motion, Plaintiff Cincinnati asserts that Mr. Peters should not be subjected to two full, separate depositions and seeks a protective order that would require Mr. Peters to sit for only one deposition, subject to the 7-hour time limit in the Order Setting Case Management Deadlines and Discovery Parameters (Doc. 49), where he can be questioned as a Rule 30(b)(6) witness and as a fact witness. Doc. 96 at 25-26. Defendant Donisthorpe did not respond to Plaintiff's Motion for Protective Order, but the class representative defendants did, opposing Plaintiff's request for a single deposition of Mr. Peters.

     As Plaintiff points out, under Rule 30(a)(2)(A)(ii) a party must obtain leave of the court to take more than one deposition of any particular witness, unless the parties stipulate otherwise. However, the class representative defendants argue that the depositions of Cincinnati's corporate representatives, including Mr. Peters if designated as such, and the deposition of Mr. Peters as a fact witness should take place separately in order to cure any time constraints and to avoid confusion in the record about whether Mr. Peters is testifying as a corporate representative or in his individual capacity. Doc. 101 at 7.

     While the Court is unaware of any authority from the Tenth Circuit or this District, and neither party cites any, the Southern District of New York has addressed this precise issue. In *Sabre v. First Dominion Capital, LLC*, the court held that "the deposition of an individual who is noticed as an individual witness pursuant to Fed. R. Civ. P 30(b)(1) and who is also produced as a corporate representative pursuant to Fed. R. Civ. P. 30(b)(6) are presumptively subject to independent seven-hour time limits." No. 01CIV2145, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001). The Court agrees because, as reasoned in *Sabre*, the deposition of a Rule 30(b)(6) witness "is substantially different from a witness's deposition as an individual." *Id.* A Rule

8

30(b)(6) witness is "responsible for providing all the relevant information known or reasonably available to the entity," and the witness's answers bind the entity, which is different than an individual testifying about his personal knowledge. *Id.*; *see also La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012) (citations omitted) (holding that "[t]he testimony of an individual . . . is distinct from the testimony of an entity").

Said another way, a Rule 30(b)(6) deposition is a deposition of an entity, through a representative designated by the entity, not a deposition of the person designated as the representative. *See* Fed. R. Civ. P. 30(b)(6); *Williams v. Sprint/United Mgmt. Co.*, No. CIVA032200, 2006 WL 334643, at *1 (D. Kan. Feb. 8, 2006) ("[A] Rule 30(b)(6) deposition is not the deposition of a person but rather of an entity."). The Rule 30(b)(6) deposition should therefore not count against the time allowed for the deposition of a person who also happens to be designated as a representative, because the Rule 30(b)(6) deposition is not actually of the individual, but of the entity. While courts have held that it is proper for a deponent to be questioned as a Rule 30(b)(6) witness and as an individual fact witness in the same deposition, *see, e.g.*, *Aydin & Co, LLC v. Jewelers Mut. Ins. Co.*, No. 2:07-CV-2780, 2010 WL 11519514, at *3 (N.D. Ga., Mar. 23, 2010), that does mean that such depositions can only take place as one, combined deposition.

The *Sabre* court also addressed the potential for gamesmanship if only one combined deposition is allowed of a Rule 30(b)(6) witness who is also a fact witness:

> If defendants' interpretation were correct, and a person who is both an individual witness and a 30(b)(6) witness were presumptively subject to a single seven-hour deposition there would be substantial potential for over-reaching. For example, any entity that wanted to limit the testimony of an individual could accomplish that goal by designating the individual as a 30(b)(6) witness; under defendants' interpretation, every minute spent conducting the 30(b)(6) deposition would be deducted from the time available to probe the witness's individual knowledge. Conversely, defendants' interpretation would also permit an entity to curtail 30(b)(6) examinations by

> designating as a 30(b)(6) witness a person who previously testified for six-hours as an individual and has only one hour left on his or her presumptive seven-hour clock.

2001 WL 1590544, at *1. Similarly problematic, if Defendants deposed Mr. Peters as a fact witness before requesting Rule 30(b)(6) depositions, Plaintiff's theory of depositions would unfairly prevent it from designating him as the Rule 30(b)(6) representative because he could not be deposed further (absent a stipulation or court order).

Plaintiff relies on *In re Lincoln National COI Litigation*, No. 16-cv-6605, 2019 WL 7582770 (E.D. Penn. July 15, 2019) to support its position that allowing two depositions of Mr. Peters is burdensome and would provide Defendants with an unfair strategic advantage. The court in *In re Lincoln* addressed whether a plaintiff could conduct a second Rule 30(b)(6) deposition of an individual previously identified by the defendant corporation and deposed in a Rule 30(b)(6) deposition by a different plaintiff. 2019 WL 7582770, at *1. The court held that the requesting plaintiff had not shown good cause to allow a second Rule 30(b)(6) deposition of a witness already deposed in a Rule 30(b)(6) capacity. *Id.* at *3. Such is not the case here. Here, the Defendants are not seeking to depose Mr. Peters as a Rule 30(b)(6) witness twice. Instead, they are seeking to depose him once as a fact witness and, separately seeking a Rule 30(b)(6) deposition with the understanding that Plaintiff Cincinatti, not Defendants, get to decide who the Rule 30(b)(6) witness(es) will be. To the extent Mr. Peters will be deposed twice (albeit in different capacities), the 30(b)(6) deposition is the product of *Plaintiff's decision* to designate him as its representative.

To be sure, the Court agrees that Defendants should not use two depositions to harass or unreasonably burden Mr. Peters with duplicative questions when those questions have no independent significance depending on whether they are answered in his representative or individual capacity. *See In re Motor Fuel Temperature Sales Practices Litig.*, No. 07-MD-1840,

2011 WL 13077509, at *2 (D. Kan. 2011) (reminding the deposing party that a second deposition of a witness in his individual capacity is not a second chance to question the witness as a corporate representative). The Court does not assume, however, that, for improper purposes, Defendants are unnecessarily seeking to depose Mr. Peters twice.

For the reasons set forth above, the Court denies Plaintiff's Motion as to the deposition of Victor Peters. Defendants can take two depositions of Mr. Peters, one as an individual fact witness and one as a Rule 30(b)(6) witness, each subject to the 7-hour time limit in the Case Management Order. In taking these depositions, however, Defendants must remain cognizant of the capacity in which Mr. Peters is testifying and tailor their questions accordingly.

## CONCLUSION

For the above reasons, the Court grants in part and denies in part Plaintiff's Motion Regarding Depositions (Doc. 96). In relation to the disputed topics (One and Eight) the Rule 30(b)(6) deposition shall proceed in accordance with this Order and the language below. Regarding Topics Three, Five, Six, Seven, and Nine, the Rule 30(b)(6) deposition shall proceed in accordance with the language to which the parties have agreed. For clarity, the Court repeats that language below. Finally, the Court notes that it has stricken Topic Two and that the class representative defendants have withdrawn Topic Four. Thus, the Rule 30(b)(6) deposition will proceed as described in the various topics as follows:

(1) The underwriting of any policies issued by You or consideration by You of any policies to be issued by You for coverage of Paul Donisthorpe; L. Helen Bennett, Judy Mahar, Scott Kominiak, and/or Liane Kerr, including but not limited to the Directors and Officers Liability Policy, BCN 0007591 issued by Cincinnati as

described in Plaintiff's Complaint and attached as Exhibit 3. The Court limits the temporal scope to policies issued in 2005 or thereafter.

(2) Stricken.

(3) The facts that Cincinnati believes supports the claims made in Count I, Count II, Count III, and Count IV of the Amended Complaint.

(4) Withdrawn.

(5) Part 1: The decisions made by Cincinnati related to the initial issuance of the Policy, subsequent renewals, and coverage for Donisthorpe and Desert State that is at issue in the Cincinnati lawsuit.

(5) Part 2: Cincinnati's policies or procedures or practices related to attributing a material misrepresentation made by one insured to co-insured under the Cincinnati Policy at issue in this lawsuit.

(6) Your interpretation of the following terms contained in the Policy that is at issue in this litigation: "insured(s)"; "the insured(s)"; "insured entity"; "material misrepresentation"; and/or "wrongful act".

(7) Cincinnati's interpretation of language in the Insuring Agreement of the Policy issued by Cincinnati to Desert State that is at issue in this lawsuit with respect to the Class Action Lawsuit that is at issue in this litigation, including without limitation the language contained in the Insuring Agreement that "Cincinnati will pay on behalf of the 'insureds'".

(8) Communications between Cincinnati and Paul Donisthorpe; L. Helen Bennett; Judy Mahar; Scott Kominiak, and/or Liane Kerr regarding Cincinnati's denial of coverage to Donisthorpe and Desert State alleged in Cincinnati's Complaint.

(9) Information received by Cincinnati regarding the application misrepresentations and nondisclosures alleged in Cincinnati's Complaint and Amended Complaint; Cincinnati's investigation into the application misrepresentations and nondisclosures alleged in Cincinnati's Complaint and Amended Complaint; and the process undertaken by Cincinnati to make the coverage decision alleged in its Complaint and Amended Complaint regarding the application misrepresentations and nondisclosures alleged in Cincinnati's Complaint and Amended Complaint.

The Court further denies Plaintiff's Motion for Protective Order Regarding Depositions as to the deposition of Victor Peters. Defendants can take two depositions of Mr. Peters, one as an individual fact witness and one as a Rule 30(b)(6) witness, each subject to the 7-hour time limit in the Case Management Order.

Because the deadline for discovery expired on August 28, 2020, and this case is set for trial on January 25, 2021, the Court limits the parties to 30 days from the entry of this order to conduct the above depositions.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE